UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**DOUGLAS L. LONG**                                                                              **PLAINTIFF**

**v.**                                                       **CIVIL ACTION NO. 3:25-CV-P396-JHM**

**MEADE COUNTY DETENTION CENTER et al.**                           **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

Plaintiff Douglas L. Long, a prisoner proceeding *pro se*, initiated this 42 U.S.C. § 1983 action. The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, this action will be dismissed without prejudice to Plaintiff filing an amended complaint.

### I. STATEMENT OF CLAIMS

Plaintiff, who is housed at the Meade County Detention Center (MCDC), sues MCDC, Jailer J.J. Scarborough, Guard Brandon Finch, and Nurse Amber Brown in their official capacities "for denial of treatment as well as intentional and negligent infliction of emotional distress" (DNs 1-2, 11 (complaint on Court's approved form)). For the facts, he refers the Court to the motion he previously filed (DN 5).[1] Plaintiff explains that he has chronic Hepatitis C for which he was prescribed treatment by a treatment center in Louisville. Plaintiff's family dropped off his first round of treatment at MCDC to Defendant Brown, who then advised Plaintiff that she had his prescribed medication, filled by a pharmacy in Louisville, for the first round of treatment, and explained that once he started treatment, it was very important for him to take his medicine every day. She told Plaintiff that if he did not the treatment would fail, and his liver would be further

---

[1] This motion is a duplicate to DN 1.

damaged. Plaintiff indicated that he understood, and Defendant Brown started the first round of medicine that night.

After the first round, which consisted of four weeks of medication, Plaintiff's outside doctor requested that Defendant Brown draw blood to obtain his "blood platelet/APRI" score so that the pharmacy would release the next round of medication. According to Plaintiff, Defendant Brown ignored this requirement, resulting in his not being able to successfully complete the treatment.

Plaintiff seeks $5,000,000 in damages.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). When determining whether a plaintiff has stated a claim upon which relief may be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "A pleading that

offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Because a jail is not an entity which may be sued, Plaintiff's suit against MCDC is actually brought against Meade County. *See, e.g.*, *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("Since the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of Matthews's complaint."); *see also Smallwood v. Jefferson Cnty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (finding that suit against county fiscal court is actually suit against county itself).

Plaintiff sues Defendants Scarborough, Finch, and Brown in their official capacities. "Official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)).  This means that Plaintiff's official-capacity claims are actually against Meade County, Defendants' employer.

A municipality such as Meade County cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom and the alleged constitutional deprivation. *Id*.  "[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691 (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action

for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in *Pembaur*).

Thus, to state a claim against a municipality, a plaintiff must "identify the policy, connect the policy to the [entity] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability" of the entity under § 1983. *Searcy*, 38 F.3d at 286 (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Here, Plaintiff's allegations pertain only to himself, and he does not allege that any constitutional violation occurred pursuant to a policy or custom of Meade County. Even reading the complaint liberally, the Court finds Plaintiff has not alleged a Meade County custom or policy of denying him his constitutional rights. Therefore, Plaintiff's Eighth Amendment claim will be dismissed for failure to state a claim upon which relief may be granted.

However, the Court will dismiss Plaintiff's Eighth Amendment claim without prejudice and with leave to amend the complaint for Plaintiff to name Defendants in their individual capacities and ascribe specific actions Defendant(s) undertook in violation of his Eighth Amendment rights. *See Rashada v. Flegel*, No. 23-1674, 2024 WL 1367436, at *4-5 (6th Cir. Apr. 1, 2024) (approving dismissal of *pro se* complaint without prejudice and with leave to amend).

Because Plaintiff has not alleged a federal claim, the Court declines to consider his state-law claims and will dismiss them without prejudice. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court

has dismissed all claims over which it has original jurisdiction."); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *Burnett v. Griffith*, 33 F.4th 907, 915 (6th Cir. 2022) ("[A] federal court that has dismissed a plaintiff's federal-law claims should not ordinarily reach the plaintiff's state-law claims.") (quoting *Rouster v. Cnty. of Saginaw*, 749 F.3d 437, 454 (6th Cir. 2014)).

The Court **DIRECTS** the Clerk of Court to place this case number and the word "Amended" on a § 1983 complaint form and send it to Plaintiff for his use should he wish to file an amended complaint.

**IT IS ORDERED** that should Plaintiff file an amended complaint he must do so by **February 20, 2026**.

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss this action.

Date: January 22, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.009